# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-20062 |
| ) | 10-2016 |
| GERARDO MOJICA-FABIAN, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Gerardo Mojica-Fabian was convicted by a jury of possession and conspiracy with intent to distribute and possess 50 grams or more of methamphetamine. He received a 235-month prison sentence. Mr. Mojica-Fabian appealed, but his attorney filed an *Anders* brief, asserting that he could find no basis to challenge Mr. Mojica-Fabian's conviction or sentence. The Tenth Circuit agreed, allowed counsel to withdraw, and affirmed Mr. Mojica-Fabian's conviction and sentence. *United States v. Mojica-Fabian*, No. 07-3006, 2008 WL 343448 (10th Cir. Feb. 7, 2008).

Mr. Mojica-Fabian's case is now before this court on his pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 92). For the reasons set forth below, this motion is denied.

**1. Standard of Review**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was

rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

## 2.     Mr. Mojica-Fabian's Claims[1]

---

[1] It appears that Mr. Mojica-Fabian's motion is untimely. The Tenth Circuit issued its mandate dismissing Mr. Mojica-Fabian's appeal on February 29, 2008. The Supreme Court grants 90 days from the date of entry of the judgment or the order sought to be reviewed in which to file a petition for writ of certiorari. Supreme Court Rules 13.1, 13.3. The window for filing a petition of certiorari expired, then, on May 29, 2008. Thus, Mr. Mojica-Fabian's § 2255 motion needed to have been filed by May 29, 2009 in order to be timely pursuant to § 2255(f)(1). Mr. Mojica-Fabian, however, did not file his § 2255 motion until January 11, 2010, more than seven months past his one-year deadline.

The Government did not raise this issue. Given that the one-year statute of limitations is not jurisdictional, *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007),
(continued...)

It is difficult to discern Mr. Mojica-Fabian's claims from his § 2255 motion, which seems to be mostly legal discourse culled from a variety of sources. It appears that Mr. Mojica-Fabian is raising three basic arguments: first, that his sentence is unconstitutional based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000); second, that his attorney was ineffective for failing to conduct adequate investigation; and third, that the Presentence Investigation Report contained constitutional errors.

A. Sentencing

Mr. Mojica-Fabian's challenge to his sentence is based on *Apprendi v. New Jersey*. He argues that Congress intended for drug type and quantity to be sentencing factors and not elements of a 21 U.S.C. § 841(a)(1) violation, but that the Supreme Court declared that scheme unconstitutional in *Apprendi v. New Jersey*. He maintains that the subsequent judicial remedy of treating drug type and quantity as elements of § 841 violations is an unconstitutional attempt to rewrite the statute.

The text of this argument appears to have come from the Initial Brief filed in *United States v. Saenz*, No. 07-40344, 2008 WL 2737272 (5th Cir. Jul. 15, 2008). That court rejected the argument that the federal drug laws are facially unconstitutional after *Apprendi*. *Saenz*, No. 07-40344, at *3. The Tenth Circuit has similarly rejected that precise claim. *United States v. Cernobyl*, 255 F.3d 1215, 1218-19 (10th Cir. 2001).

---

[1](...continued)
and that district courts are not obligated to address timeliness sua sponte, *United States v. DeClerck*, 2007 WL 3104596, at *4 (10th Cir. Oct. 24, 2007), the court will address the merits of Mr. Mojica-Fabian's motion.

3

Although Mr. Mojica-Fabian did not assert an *Apprendi* violation with respect to his sentence, in the interest of completeness, the court will address that possibility as well. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Mr. Mojica-Fabian faced a possession with intent to distribute charge and a conspiracy charge, both involving 50 grams or more of methamphetamine. And for both counts, the jury was instructed that a finding of guilty must include a determination that Mr. Mojica-Fabian was involved with that drug type and quantity (doc. 57, pp. 26-27, 32).

Moreover, Mr. Mojica-Fabian was sentenced below the statutory maximum. *See United States v. O'Flanagan*, 339 F.3d 1229, 1232 n.2 (10th Cir. 2003) (defendant cannot assert due process claim under *Apprendi* if his sentence does not exceed statutory maximum for underlying conviction) (citing *Harris v. United States*, 536 U.S. 545, 558, 565 (2002)).

Thus, Mr. Mojica-Fabian's sentence does not run contrary to *Apprendi*.

B.   Ineffective Assistance

Mr. Mojica-Fabian identifies as another issue for review "whether failure to investigate, unwillingness to test the government's case deprived appellant of effective assistance." To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his lawyer's performance was deficient as

4

compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687).

Much of Mr. Mojica-Fabian's memo on this issue consists of a thorough discussion of the law, taken in large part from the Liberty International blog.[2] Other than the section heading, quoted above, which references "failure to investigate" and to "test the government's case," Mr. Mojica-Fabian fails to explain how his attorney failed to investigate the case or otherwise neglected to test the Government's case.

In his reply brief (doc. 100), Mr. Mojica-Fabian "cannot help but shudder" at the Government's inability to identify ineffective conduct by his trial attorney. Mr. Mojica-Fabian then proceeds to list actions his attorney could have taken: he could have asserted an entrapment defense; he could have impeached the Government's "dirty snitch" witness; he could have cross examined witnesses to explore evidence of bias, motive, or prejudice including "prior arrests, pending indictments, plea agreements as well as monies being paid to the informants, or reduction in sentence"; and he could have, "through aggressive investigation," uncovered and presented character evidence that shows a lack of predisposition. Mr. Mojica-Fabian provides no specific information,

---

[2] http://libertyinternational.wordpress.com/

5

however, on how and why his attorney should have taken these steps or about his attorney's failure to do so prejudiced his defense.

The evidence presented to the jury "amply supported" the guilty verdict. *Mojica-Fabian*, 2008 WL 343448, at *2. Mr. Mojica-Fabian has offered no basis on which to conclude that his attorney should have offered an entrapment defense or that the witnesses had undisclosed biases that counsel should have uncovered. Moreover, in evaluating the effectiveness of counsel, "we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).

Thus, Mr. Mojica-Fabian's conclusory allegations are insufficient to warrant § 2255 relief. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

C.     Presentence Investigation Report

Mr. Mojica-Fabian's final argument heading is "Whether the District Court's Jurisdiction Lost the Power to Sustain the Subject Matter Jurisdiction of the Presentence Report Investigation (PSIR) which Contains Constitutional Errors Based on Recent Supreme Court's Line of Rulings Requiring Re-sentencing." Mr. Mojica-Fabian explains that "[t]he PSIR has been memorialized with inaccurate facts based on previous district court's 'good-faith' interpretations over the subject-matters of sentencing enhancements and quantity in drug-cases."

Mr. Mojica-Fabian contends that the PSIR contained inaccurate facts and judicial interpretations and that he did not have an opportunity to dispute those inaccuracies. He does not, however, identify any specific facts that he believes to be erroneous. Moreover, Mr. Mojica-Fabian had the opportunity to challenge the PSIR, and indeed availed himself of that opportunity by filing a sentencing memorandum (doc. 68).

Mr. Mojica-Fabian also incorporates his earlier argument based on the *Apprendi* line of cases, though as discussed above, Mr. Mojica-Fabian's sentence does not violate the Supreme Court's holdings in that area.

Mr. Mojica-Fabian also maintains that the PSIR impermissibly suggested that the sentencing guidelines were mandatory. During sentencing the court reiterated that the sentencing guidelines were advisory, and then used the factors set forth in § 3553 to explain why the sentence imposed was "sufficient but not greater than necessary to comply with the purposes of sentencing identified in 18 U.S.C. Section 3553(a)(2)" (doc. 85, p. 18).

Thus, Mr. Mojica-Fabian has not identified an error in his PSIR that would warrant habeas relief.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 92) is **denied**.

**IT IS SO ORDERED** this 21st day of April, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge